WILLIAM FOSTER, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

Under the statute providing that "when the commission of an offense committed elsewhere is consummated within the boundaries of this State, the offender shall be liable to punishment here, though he was out of the State at the commission of the offense charged, if he consummated it in this State ............ by any ............ means proceeding directly from himself, and the jurisdiction in such case, ............ shall be in the county in which offense was consummated," where larceny is committed in another State and the stolen property is brought by the thief into D. County, Florida, and there disposed of for the benefit of the thief, an offense has been committed under the statute, and the venue is properly laid in D. County.

This case was decided by Division A.

Writ of error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the court.

*F. D. Brennan,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *Chas. O. Andrews,* for the State.

WHITFIELD, C. J.—William Foster took writ of error to a judgment convicting him of grand larceny. The .

property exceeding twenty dollars in value was stolen on a coastwise steamboat in the State of South Carolina and disposed of by the thief in Duval County, Florida, where he was convicted for the theft.

Section 3184 of the General Statutes of this State provides that "When the commission of an offense committed elsewhere is consummated within the boundaries of this State, the offender shall be liable to punishment here, though he was out of the State at the commission of the offense charged if he consummated it in this State through the intervention of an innocent or guilty agent, or by any other means proceeding directly from himself, and the jurisdiction in such case, unless otherwise provided by law, shall be in the county in which the offense was consummated."

As the essence of the crime of larceny is the fraudulent taking and asportation of personal property without claim of right, with intent to convert it to the use of one other than the owner without the owner's consent, the commission of such offense or crime may be said to be consummated when the property is in fact and reality disposed of by the thief or put to some practical use for the purposes of the thief, to the detriment of the true owner.

In this case the initial taking and asportation was in the State of South Carolina, but the property was taken by the thief into Duval County, Florida, and there sold and converted to the use of the thief. Under these circumstances the consummation of the offense took place in Duval County, Florida, and such consummation in this State was punishable under the above quoted statute. The criminal nature of the consummation made it a "criminal case" that did "arise" in Duval County, Florida, within the meaning of Section 25 of Article V of the Constitution defining the jurisdiction of the Criminal Courts

of Record, and the venue was properly laid in Duval County, Florida. No objection was made to the information.

This disposes of the questions presented, and the judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.